UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE RAMALES,<br><br>         Plaintiff,<br><br> - against -<br><br><br>STITCH & COUTURE, INC.<br><br>         Defendant. | Docket No. 1:19-cv-5617<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Felipe Ramales ("Ramales" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Stitch & Couture, Inc. ("Stitch" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of English actress Emily Blunt, owned and registered by Ramales, a New York based professional photographer. Accordingly, Ramales seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Ramales is a professional photographer in the business of licensing his photographs to print and online media for a fee having a usual place of business at 221 West 233rd Street, Apt. 2E, Bronx, New York 10463.

6. Upon information and belief, Stitch is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 224 West 30th Street, 14th Floor, New York, New York 10001. Upon information and belief, Stitch is registered with the New York State Department of Corporations to do business in New York. At all times material hereto, Stitch has operated their Twitter page at the URL: website at the URL: https://www.Twitter.com/Lela_Rose (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photographs**

7. Ramales photographed English actress Emily Blunt walking in New York City (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Ramales then licensed one of the Photographs to The Daily Mail. On January 20, 2019, The Daily Mail, ran an article that featured of the Photographs entitled *Emily Blunt cuts a stylish figure in a grey neck and high-waisted check trousers as she leaves Mary Poppins Returns Q and A in NYC*. See https://www.dailymail.co.uk/tvshowbiz/article-6612059/Emily-Blunt-cuts-stylish-figure-grey-polo-neck-high-waisted-check-trousers-NYC.html. Ramales'

name was featured on a watermark on the Photograph identifying him as the photographer of the Photograph. A screenshot of the Photograph on the article is attached hereto as Exhibit B.

9. Ramales is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-147-733.

**B. Defendant's Infringing Activities**

11. Stitch ran the Photographs on the Website to promote their products. Screenshots of the Photographs on the Website are attached hereto as Exhibit C.

12. Stitch did not license the Photographs from Plaintiff for its Website, nor did Stitch have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Stitch infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Stitch is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Stitch have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, Stitch cropped the watermark identifying Ramales as the Photographer of one of the Photographs.

22. Upon information and belief, Stitch intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

23. The conduct of Stitch violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Stitch's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Stitch intentionally, knowingly and with the

intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Stitch also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

26. As a result of the wrongful conduct of Stitch as alleged herein, Plaintiff is entitled to recover from Stitch the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Stitch because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Stitch statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Stitch be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Stitch be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
June 16, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Felipe Ramales*