**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **FELIPE RAMALES**, | **CASE NO.: 19-cv-5617** |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| **STITCH & COUTURE, INC.**, | JURY TRIAL DEMANDED |
| Defendant. | |

**STITCH & COUTURE, INC.'S**
**ANSWER, DEFENSES AND COUNTERCLAIMS**

Defendant, Stitch & Couture, Inc. ("Stitch" or "Defendant"), by and through its attorneys, for its Answer, Defenses and Counterclaims (the "Answer") to the complaint (the "Complaint") of plaintiff, Felipe Ramales ("Ramales" or "Plaintiff"), states as follows:

**NATURE OF THE ACTION**

1.      Defendant denies the allegations contained in ¶1of the Complaint.

**JURISDICTION AND VENUE**

2.      Defendant admits the allegations contained in ¶2 of the Complaint to the extent that the Complaint appears to allege acts of copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      Defendant admits the allegations contained in ¶3 of the Complaint.

4.      Defendant admits the allegations contained in ¶4 of the Complaint.

## PARTIES

5.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶5 of the Complaint and therefore denies them.

6.      Defendant admits the allegations contained in ¶6 of the Complaint.

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photographs**

7.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶7 of the Complaint and therefore denies them.

8.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶8 of the Complaint and therefore denies them.

9.      Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶9 of the Complaint and therefore denies them.

10.     Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in ¶10 of the Complaint and therefore denies them.

**B.      Defendant's Infringing Activities**

11.     Defendant denies the allegations contained in ¶11 of the Complaint.

12.     Defendant admits the allegations contained in ¶12 of the Complaint.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

13.     Defendant incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14.     Defendant denies the allegations contained in ¶14 of the Complaint.

15.     Defendant denies the allegations contained in ¶15 of the Complaint.

16.     Defendant denies the allegations contained in ¶16 of the Complaint.

17.     Defendant denies the allegations contained in ¶17 of the Complaint.

18.     Defendant denies the allegations contained in ¶18 of the Complaint.

19.     Defendant denies the allegations contained in ¶19 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST**
**DEFENDANT)**
**(17 U.S.C. §§ 1202)**

20.     Defendant incorporates by reference each and every allegation contained in

Paragraphs 1-19 above.

21.     Defendant denies the allegations contained in ¶21 of the Complaint.

22.     Defendant denies the allegations contained in ¶22 of the Complaint.

23.     Defendant denies the allegations contained in ¶23 of the Complaint.

24.     Defendant denies the allegations contained in ¶24 of the Complaint.

25.     Defendant denies the allegations contained in ¶25 of the Complaint.

26.     Defendant denies the allegations contained in ¶26 of the Complaint.

27.     Defendant denies the allegations contained in ¶27 of the Complaint.

**DEFENSES**

1.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

3.     Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable

estoppel.

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright

misuse.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis* use.

6.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's implied consent.

7.      Plaintiff's claims are barred, in whole or in part, by Defendant's lack of volition.

8.       Plaintiff's claims are barred, in whole or in part, because upon information and belief, Plaintiff is not the exclusive owner of the asserted copyright(s).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray that this Court find judgment for Defendant as follows:

A.  The denial of Plaintiff's request for judgment in its entirety;

B.  The dismissal of Plaintiff's action in its entirety;

C.  A finding that the copyright is not infringed by Defendant;

D.  An award to Defendant its full costs and attorneys fees; and

E.  Such other and further relief as the Court may deem just and proper.

## **JURY TRIAL**

Defendant requests all of the claims be tried by a jury.

Dated:  July 8, 2019                                      Respectfully submitted:
        Scarsdale, New York

                                                          **LACKENBACH SIEGEL, LLP**

                                                          */Robert B. Golden/*
                                                          Robert B. Golden
                                                          One Chase Road
                                                          Lackenbach Siegel Building
                                                          Scarsdale, New York 10583
                                                          914-723-4300
                                                          914-723-4301 fax
                                                          rgolden@LSLLP.com

4

### Certificate of Service

I hereby certify that on this 8th day of July, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the ECF system for filing, and transmittal of a Notice of Electronic Filing to all CM/ECF registrants of record in this matter.

Dated:  July 8, 2019                                                          */s/ Marlana Del Colle*
        Scarsdale, NY                                                   Marlana Del Colle