UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIPE RAMALES,

                                        Plaintiff,

            - against -

STITCH & COUTURE, INC.

                                        Defendant.

Docket No. 19-cv-05617 (AKH)

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A
BOND AS SECURITY FOR COSTS AND FEES UNDER LOCAL RULE 54.2**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... iv

INTRODUCTION ...................................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 2

LEGAL STANDARD ................................................................................................ 2

ARGUMENT ............................................................................................................. 3


POINT I:     DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF LACKS THE
FINANCIAL ABILITY TO SATISFY A JUDGMENT ........................................... 3


POINT II:    DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF IS A NON-
RESIDENT OR FOREIGN CORPORATION ........................................... 4


POINT III:  DEFENDANT HAS FAILED TO DEMONSTRATE THAT IT IS LIKELY TO
PREVAIL ON PLAINTIFF'S INFRINGEMENT CLAIM ....................................... 5

  A.   UNDER U.S. COPYRIGHT LAW, A NON-PREVAILING DEFENDANT CANNOT SHIFT
ATTORNEYS' FEES TO PLAINTIFF THROUGH A RULE 68 OFFER OF JUDGMENT .................. 5

    1. The Supreme Court Holds that Only Costs "Properly Awardable" Under the Relevant
Substantive Statute May be Shifted Pursuant to Rule 68 ..................................................... 5

    2. Under the Copyright Act, a Non-Prevailing Defendant Cannot Shift Attorneys' Fees to
Plaintiff Under Rule 68 ...................................................................................................... 8

    3. The Supreme Court's Ruling in Fogerty v. Fantasy Also Forecloses a Copyright
Infringer's Ability to Shift Fees Under Rule 68 ................................................................. 10

    4. As a Matter of Public Policy, Adjudged Copyright Infringers Should be Not be Awarded
Attorneys' Fees After Being Found in Violation of Federal Law ...................................... 11

  B.   A COURT-ISSUED JUDGMENT OF INFRINGEMENT LIABILITY IS MORE FAVORABLE THAN AN
OFFER OF JUDGMENT WHICH CONTAINS NO ADMISSION OF LIABILITY ............................ 12

  C.   CONTRARY TO DEFENDANT'S ASSERTION, THE COURT IS NOT REQUIRED TO EMPLOY A
FIXED FORMULA BASED ON LICENSING FEES TO CALCULATE STATUTORY DAMAGES ...... 13


POINT IV:   DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF'S
CLAIM IS OBJECTIVELY UNREASONABLE ................................................. 14

POINT V:  DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF HAS
         WILLFULLY DISOBEYED ANY COURT ORDERS, INCREASED THE COST
         OF LITIGATION OR OBSTRUCTED DISCOVERY ........................................... 15

   A.  DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF VIOLATED ANY
       COURT ORDER IN THIS ACTION ........................................................................... 15

   B.  DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF HAS MULTIPLIED
       THE COST OF THIS PROCEEDING ......................................................................... 16

   C.  DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT SANDS OBSTRUCTED
       DISCOVERY ...................................................................................................... 16

   D.  DEFENDANT'S *AD HOMINEM* ATTACKS AGAINST LIEBOWITZ LAW FIRM, PLLC ARE
       MISPLACED GIVEN LIEBOWITZ'S TRACK RECORD OF SUCCESS *ON THE MERITS* ................ 16


POINT VI:  ANY BOND REQUIREMENT SHOULD NOT EXCEED THE COST OF TWO
          DEPOSITION TRANSCRIPTS, OR $1,500.00 .................................................. 18


CONCLUSION .................................................................................................. 18

<u>**TABLE OF AUTHORITIES**</u>

<u>C</u><small>ASES</small>

*Agence France Presse v. Morel*,
   No. 10-CV-2730-AJN, 2014 WL 3963124, at *12 (S.D.N.Y. Aug. 13, 2014)........................ 13

*Apple Computer, Inc. v. Franklin Computer Corp.*,
   714 F.2d 1240, 1255 (3d Cir. 1983) ........................................................................ 11

*Arista Records LLC v. Lime Grp. LLC*,
   No. 06-cv-5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) ........................... 2

*Atlanta Shipping Corp. v. Chemical Bank,*
   631 F.Supp. 335, 352 (S.D.N.Y.1986) ........................................................................ 3

*Bauer v. Yellen,*
   548 F.Supp.2d 88, 96 (S.D.N.Y.2008) ........................................................................ 10

*Beautiful Jewellers Private Ltd. v. Tiffany & Co.,*
   No. 06 CIV. 3085 KMW FM, 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008).................. 4

*Boisson v. Banian Ltd.*,
   221 F.R.D. 378, 381 (E.D.N.Y. 2004) ............................................................ passim

*Brandt v. Magnificent Quality Florals Corp.*,
   No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) ............................... 9

*Bruce v. Weekly World News, Inc.*,
   203 F.R.D. 51, 54–55 (D. Mass. 2001) ................................................................ 8, 10

*Bryant v. Media Right Productions, Inc.,*
   603 F.3d 135, 144 (2d Cir.2010) ........................................................................ 15

*Capital Records, Inc. v. MP3tunes, LLC*,
   48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) .................................................................. 11

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
   342 F.3d 1016,  1029 (9th Cir. 2003) ...................................................................... 7

*Chicoineau v. Bonnier Corp.,*
   No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) ......................... 17

*Crossman v. Marcoccio,*
   806 F.2d 329 (1st Cir. 1986) .............................................................................. 6

*E.E.O.C. v. Bailey Ford, Inc.*,
 26 F.3d 570 (5th Cir. 1994) ................................................................................. 6

*Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*,
 No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) .............................. 11

*Feltner v. Columbia Pictures Television, Inc.*,
 523 U.S. 340, 352 (1998) ................................................................................. 11

*Ferdman v. CBS Interactive Inc.*,
 342 F. Supp. 3d 515 (S.D.N.Y. 2018) ................................................................... 18

*Fogerty v. Fantasy Inc.*,
 510 U.S. 517 (1994) ...................................................................................... 10

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
 No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010) ........................... 3, 14

*Gattoni v. Tibi, LLC*,
 254 F. Supp. 3d 659 (S.D.N.Y. 2017) .................................................................. 18

*Goodman v. Universal Beauty Prod. Inc.*,
 No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018) ......................... 17

*Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*,
 265 F.3d 638 (7th Cir. 2001) ......................................................................... 8, 9

*Hirsch v. Complex Media, Inc.*,
 No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018) ....................... 17

*Johnson v. Kassovitz*,
 No. 97 Civ. 5789(DLC), 1998 WL 655534, *1 (S.D.N.Y. Sept. 24, 1998) ............................. 3

*Jordan v. Time, Inc.*,
 111 F.3d 102 (11th Cir. 1997) ....................................................................... 9, 10

*Khaldei v. Kaspiev*,
 No. 10 CIV. 8328 JFK GWG, 2014 WL 7373383, at *2 (S.D.N.Y. Dec. 30, 2014) ..................... 4

*Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*,
 519 F.Supp. 730, 733 (S.D.N.Y.1981) ................................................................... 11

*Le v. University of Pennsylvania*,
 2001 WL 849707, *6 (E.D. Penn. July 13, 2001) ..................................................... 6, 9

*Le v. University of Pennsylvania*,
  321 F.3d 403, 410–11 (3d Cir. 2003) ................................................................ 6

*Lish v. Harper's Magazine Foundation*,
  148 F.R.D. 516 (1993) ..................................................................................... 12

*Marek v. Chesny*,
  473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ........................................ 6, 7

*Matthew Bender & Co., Inc. v. West Publ'g Co.*,
  240 F.3d 116, 122 (2d Cir.2001) ...................................................................... 10

*Myeress v. BuzzFeed Inc.*,
  No. 18-CV-2365 (VSB), 2019 WL 1004184, at *1 (S.D.N.Y. Mar. 1, 2019) ......... 17

*N'Jai v. New York State Higher Educ. Servs. Corp.*,
  214 F.R.D. 251, 252 (E.D.N.Y. 2003) ................................................................ 4

*O'Brien v. City of Greers Ferry*,
  873 F.2d 1115, 1120 (8th Cir. 1989) .................................................................. 7

*Otto v. Hearst Commc'ns, Inc.*,
  345 F. Supp. 3d 412 (S.D.N.Y. 2018) ................................................................ 17

*Payne v. Milwaukee County*,
  288 F.3d 1021, 1027 (7th Cir. 2002) .................................................................. 7

*Poteete v. Capital Engineering, Inc.*,
  185 F.3d 804, 807–08 (7th Cir. 1999) ................................................................ 7

*Psihoyos v. John Wiley & Sons, Inc.*,
  No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d
  120, 127 (2d Cir. 2014) ..................................................................................... 13

*RLS Assocs., LLC v. United Bank of Kuwait PLC*,
  464 F. Supp. 2d 206, 209 (S.D.N.Y. 2006) .......................................................... 3

*RLS Assocs., LLC v. United Bank of Kuwait PLC*,
  No. 01 CIV. 1290 (CSH), 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005), *adhered to on
  reconsideration*, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) ........................................ 4

*Sands v. CBS Interactive, Inc.*,
  18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) ........................ 17

*Sea Trade Co. v. FleetBoston Fin. Corp.*,
  No. 03 CIV. 10254 (JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) .......... 4

*Selletti v. Carey,*
    173 F.R.D. 96, 100–101 (S.D.N.Y.1997) ............................................................ 3

*Spitzer v. Shanley Corp.,*
    151 F.R.D. 264, 267 (S.D.N.Y. 1993) ............................................................... 3

*Stanczyk,*
    752 F.3d at 281 (2d Cir. 2014) ..................................................................... 6, 7

*UMG Recordings, Inc. v. MP3.com,*
    2000 WL 1262568, at *5 (S.D.N.Y. Sept. 6, 2000) ........................................ 13

*UMG Recordings, Inc. v. Shelter Capital Partners LLC,*
    667 F.3d 1022, 1048 (9th Cir. 2011) ............................................................... 8

*United States v. Trident Seafoods Corp.,*
    92 F.3d 855, 860 (9th Cir.1996) ..................................................................... 7

*Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.,*
    298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) ...................................................... 9

*Walt Disney Co. v. Best,*
    No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) ........ 11

*Yurman Design, Inc. v. PAJ, Inc.,*
    262 F.3d 101, 113 (2d Cir.2001) ................................................................... 13


STATUTES

17 U.S.C. § 412(2) ............................................................................................ 2
17 U.S.C. § 504(c) ........................................................................................... 14
17 U.S.C. § 505 .......................................................................................... 2, 14

RULES

Fed.R.Civ.P. 68(d) ........................................................................................... 12
L.R. 54.2 ....................................................................................................... 18

TREATISES

2 William F. Patry, Copyright Law & Practice at 1172 ...................................... 11

## INTRODUCTION

Defendant Stitch & Couture, Inc. ("Defendant") asks the Court to arbitrarily impose a security bond of an unspecified amount on plaintiff Felipe Ramales ("Plaintiff" or "Ramales") without analyzing any of the requisite factors prescribed by courts in this Circuit, including: (1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders. Even if Defendant attempted to make a showing with respect to any one of these factors, it would fail to satisfy its burden of showing that imposition of a bond were appropriate in this case.

Moreover, Defendant's entire motion is based on a flawed legal theory that a *non-prevailing* defendant (i.e., an adjudged copyright infringer) can shift fees to a plaintiff under Rule 68 after being found liable for copyright infringement. This theory has been consistently rejected by the majority of Circuit courts to have addressed the issue and has never been applied in this Circuit. The Supreme Court requires that the term "costs" under Rule 68 shall only include those costs that are "properly awardable" under the substantive statute which, in this case, is the Copyright Act. Section 505 provides that <u>only</u> the "prevailing party" may recover attorneys' fees. Thus, because Rule 68 is only available to a *non-prevailing* defendant, fees cannot be shifted under Rule 68 as a matter of law.

To the extent Defendant is able to shift costs under Rule 68, such out-of-pocket costs would not plausibly exceed the amount of $1500.00, or two deposition transcripts in a non-complex matter such as the present action.

## STATEMENT OF FACTS

Plaintiff is a professional New York-based photojournalist who earns a living by creating and licensing his photographs. Plaintiff is a U.S. citizen who lives in New York City and resides within this Judicial District.

On or about January 20, 2019, Plaintiff licensed his photograph of celebrity actress Emily Blunt (the "Photograph") to The Daily Mail which published the Photograph along with a photo credit to Plaintiff. Subsequent thereto, Defendant expropriated the Photograph from The Daily Mail and re-published it on its commercial website. Defendant also removed Plaintiff's attribution. Plaintiff never granted Defendant permission to display the Photograph on its website.

The Photograph was registered with the United States Copyright Office and was given registration number VA 2-147-733 with effective date of April 16, 2019. Plaintiff's copyright infringement claim therefore qualifies for statutory damages under 17 U.S.C. § 504(c) and attorneys' fees under 17 U.S.C. § 505 because the Photograph was registered within three months of initial publication. *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06-cv-5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

## LEGAL STANDARD

Courts in this Circuit consider the following factors in determining whether to require a party to post a bond pursuant to the rule: "(1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs

expected to be incurred; and (6) compliance with past court orders." *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010); *Johnson v. Kassovitz,* No. 97 Civ. 5789(DLC), 1998 WL 655534, *1 (S.D.N.Y. Sept. 24, 1998) (citing *Selletti v. Carey,* 173 F.R.D. 96, 100–101 (S.D.N.Y.1997)).

A number of courts have stated that the purpose of the rule is that it "assures that a defendant who is sued will, if successful, at least be able to recoup its costs." *Atlanta Shipping Corp. v. Chemical Bank,* 631 F.Supp. 335, 352 (S.D.N.Y.1986) (emphasis added), *aff'd,* 818 F.2d 240 (2d Cir.1987); *accord Spitzer v. Shanley Corp.,* 151 F.R.D. 264, 267 (S.D.N.Y. 1993) ("Considering the local rule and the New York statute together, judges of this court have required the posting of security bonds when plaintiffs were non-residents or foreign corporations, defendants were expected to incur significant legal costs, plaintiffs' financial condition and ability to pay were doubtful, and the merits of plaintiffs' case were questionable").

## ARGUMENT

### POINT I:     DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF LACKS THE FINANCIAL ABILITY TO SATISFY A JUDGMENT

The first factor under L.R. 54.2 requires the movant to demonstrate that the Plaintiff lacks the financial capacity to satisfy an ultimate judgment, *Gary Friedrich Enterprises,* 2010 WL 3452375, at *2. Thus, a bond is typically ordered where the defendant has an "understandable concern regarding [plaintiff]'s real ability to pay any eventual attorneys' fees or costs" should the defendant prevail and when the record shows that plaintiff "had no assets." *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 209 (S.D.N.Y. 2006). A plaintiff's "lack of assets furnishes a sufficient basis for compelling the pretrial posting of a bond in a fair and appropriate amount." *Id.*; *see also Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03 CIV. 10254

(JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) ("a party's apparent financial inability to pay prospective costs is sufficient in and of itself to justify an order requiring the posting of a cost bond under Rule 54.2.")

Courts deny bond motions where a defendant has failed to demonstrate a plaintiff's inability to satisfy a judgment. *N'Jai v. New York State Higher Educ. Servs. Corp.*, 214 F.R.D. 251, 252 (E.D.N.Y. 2003) (defendant "has not made an adequate showing that the plaintiff will be unable to pay a judgment of costs. [Defendant] provides no information concerning the plaintiff's financial condition.").[1]

Here, Defendant has not even attempted to show that Plaintiff is impecunious or otherwise unable to satisfy a judgment in this proceeding. For that reason alone, the request for bond should be denied outright.

## POINT II: DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF IS A NON-RESIDENT OR FOREIGN CORPORATION

Courts in this Circuit have denied bond motions where the non-movant is a resident of the United States. *Khaldei v. Kaspiev*, No. 10 CIV. 8328 JFK GWG, 2014 WL 7373383, at *2 (S.D.N.Y. Dec. 30, 2014) (denying bond where "the [non-movant] has been a resident of the United States for over 35 years"); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 CIV. 1290 (CSH), 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005), *adhered to on reconsideration*, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) (denying bond motion where "Plaintiff is

---

[1] Conversely, a bond may be ordered where a defendant presents evidence that plaintiff has transferred assets to avoid satisfaction of a judgment. *Beautiful Jewellers Private Ltd. v. Tiffany & Co.,* No. 06 CIV. 3085 KMW FM, 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) ("Tiffany has proffered a series of documents which support its belief that BJPL and the Mehtas transferred all of BJPL's assets to a different company in order to avoid a levy against them in connection with the ten million dollar judgment . . .")

not a non-resident or foreign corporation,"); *cf. Sea Trade Co. Ltd.,* 2008 WL 161239, at *2 (requiring foreign corporate plaintiffs with no business or assets in the United States to post a bond).

Here, Plaintiff is a U.S. citizen and a long-time resident of New York City. He resides in the Bronx, within this judicial district. He has filed several copyright infringement cases in this District and has never had a case dismissed and has never been ordered to post a bond. Local Rule 54.2 was simply not designed to force U.S. citizens, New York residents, and active litigants in this District to post bond before a full adjudication on the merits. If the Court enters a monetary award against Plaintiff, the Court will know where to find both him and his assets. Accordingly, a bond requirement is entirely unnecessary.

## POINT III: DEFENDANT HAS FAILED TO DEMONSTRATE THAT IT IS LIKELY TO PREVAIL ON PLAINTIFF'S INFRINGEMENT CLAIM

Defendant's motion for a bond is primarily based on Defendant's assertion that Plaintiff will be unable to obtain a more favorable judgment than what was offered by Defendant via Rule 68. [Dkt. # 9-1, ¶ 10] Defendant has made no attempt to show that it will prevail in this action by asserting meritorious defenses. Instead, it speculates that the ultimate award in monetary damages will be less than what it offered on Rule 68. This argument lacks merit on grounds that: (a) a non-prevailing defendant cannot shift attorneys' fees under Rule 68; and (b) a court-issued judgment of liability against Defendant would be more favorable than an offer of judgment which contains no admission of liability.

### A. UNDER U.S. COPYRIGHT LAW, A NON-PREVAILING DEFENDANT CANNOT SHIFT ATTORNEYS' FEES TO PLAINTIFF THROUGH A RULE 68 OFFER OF JUDGMENT

#### 1. The Supreme Court Holds that Only Costs "Properly Awardable" Under the Relevant Substantive Statute May be Shifted Pursuant to Rule 68

In *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the U.S. Supreme considered whether Rule 68 costs include attorneys' fees where the offer of judgment is made in the context of civil rights litigation pursuant to 42 U.S.C. § 1983. The Supreme Court held that the term "costs" in Rule 68 encompasses "all costs properly awardable under the relevant substantive statute or other authority." *Marek,* 105 S.Ct. at 3017. As a result, "where . . . costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004).[2]

Since *Marek* was decided, courts have addressed the issue of whether defendants have the right to recover post-offer attorneys' fees under Rule 68 in civil rights cases. The majority of Circuits hold that there is no such right to recovery. *See Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir. 1986) (denying defendant post-offer attorneys' fees under Rule 68 in civil rights action); *Stanczyk*, 752 F.3d at 281 (2d Cir. 2014) ("we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action"); *Le v. University of Pennsylvania*, 321 F.3d 403, 410–11 (3d Cir. 2003) (denying defendant post-offer attorneys' fees under Rule 68 in civil rights action);[3] *E.E.O.C. v. Bailey Ford, Inc.*, 26 F.3d 570 (5th Cir. 1994) (same); *Payne v. Milwaukee County*, 288 F.3d 1021,

---

[2] The Supreme Court defines a "prevailing party" as one who obtains an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982) (a plaintiff is considered a prevailing party "for attorney's fees purposes if [he] succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.")

[3] *See also Le v. University of Pennsylvania*, 2001 WL 849707, *6 (E.D. Penn. July 13, 2001) ("We do not believe that the purpose of Rule 68 was to broaden the types of costs otherwise "properly awardable" under the substantive statutory scheme applicable to a particular case.")

1027 (7th Cir. 2002) (same); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989) (same).[4]

*In Stanczyk v. City of New York*, the Second Circuit addressed the question of whether a civil rights plaintiff could be held liable for a non-prevailing defendant's costs under Rule 68. The Court held that "Rule 68, when applicable, requires a prevailing plaintiff to pay defendant's post-offer costs, excluding attorney's fees." *Id.* at 281. The Second Circuit emphasized that "our conclusion in no way dictates that a prevailing plaintiff such as *Stanczyk* would be liable for a defendant's postoffer attorney's fees - a result that would be at odds with Section 1988." *Id.* at 282.

Discussing the Supreme Court's ruling in *Marek*, the Second Circuit noted that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek*, 473 U.S. at 9, 105 S.Ct. 3012. The Court then stated as follows:

> Because a civil rights defendant can recover attorney's fees only when the plaintiff's claims are "vexatious, frivolous, or brought to harass or embarrass," and a prevailing plaintiff by virtue of her victory exceeds this standard, *we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action.*
>
> *Stanczyk*, 752 F.3d at 281 (citations omitted) (italics added).

---

[4] "Cases involving other fee shifting statutes have similarly held that attorneys' fees may be recovered pursuant to Rule 68 only if such fees are 'properly awardable' under the relevant statute. If prevailing party status is a prerequisite to such an award, a defendant who has not 'prevailed' within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award." *Boisson*, 221 F.R.D. at 381 (*citing Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1029 (9th Cir. 2003) (holding in a diversity breach of contract case that the cost-shifting provision of Rule 68 does not permit an award of post-offer attorneys' fees when the underlying state statute authorizes an award of attorneys' fees to a prevailing party as part of costs); *Poteete v. Capital Engineering, Inc.*, 185 F.3d 804, 807–08 (7th Cir. 1999) (denying defendant attorneys' fees in case arising under ERISA statute entitling fees only to prevailing party); cf. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir.1996) (denying defendant attorneys' fees in case brought pursuant to Clean Air Act which awards fees only if the action commenced against the defendant was "unreasonable")).

The Second Circuit's ruling in *Stancyk* clearly suggests that the same logic applicable to civil rights actions under Rule 68 operates to preclude the shifting of attorneys' fees to a non-prevailing defendant in a copyright case.

**2.     Under the Copyright Act, a Non-Prevailing Defendant Cannot Shift Attorneys' Fees to Plaintiff Under Rule 68**

The Supreme Court's holding in *Marek* has also been extended from civil rights cases to copyright law, where the relevant substantive statute provides that only the "prevailing party" is entitled to recover attorneys' fees.  17 U.S.C § 505.   The majority of courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees "as costs," a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68.  *See, e.g.*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68 award); *Boisson*, 221 F.R.D. at 381 (same); *Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 54–55 (D. Mass. 2001) (same).

Judge Wexler's E.D.N.Y. opinion in *Boisson* is directly on point.  There, the defendant in a copyright action made a Rule 68 offer of judgment in the amount of $12,000.  After trial and appeal, Plaintiff was ultimately awarded less than $12,000.  Defendant thereafter sought $85,000 in post-offer attorneys' fees.  Based on *Marek's* holding, the analogous cases involving fee-shifting statutes, and the Seventh Circuit's approach in *Harbor Motor,* Judge Wexler determined that under the Copyright Act, a non-prevailing defendant could not shift fees to plaintiff by way of Rule 68.

Particularly persuasive is the opinion of the Seventh Circuit Court of Appeals in *Harbor Motor*, where the court denied Rule 68 attorneys' fees in a copyright case on the ground that the party seeking fees was not the prevailing party. *Harbor Motor*, 265 F.3d at 647. As in *Harbor Motor*, the party seeking an award of attorney's fees here has not been deemed the prevailing party in the litigation. In view of the fact that the Copyright Act allows an award of attorneys' fees only to such a party, the court holds that attorney's fees are not "properly awardable," to Defendant within the meaning of *Marek*. Accordingly, the court denies Defendant's Rule 68 motion for attorneys' fees.

*Boisson*, 221 F.R.D. at 382.

Significantly, Judge Wexler rejected the minority view adopted by the Eleventh Circuit in *Jordan v. Time, Inc.*, 111 F.3d 102 (11th Cir. 1997). In *Jordan*, the Eleventh Circuit held that a non-prevailing defendant could shift attorneys' fees to a copyright plaintiff under Rule 68. *Id*. at 105. Judge Wexler noted that the court in *Jordan* failed to consider *Marek's* holding that only "costs" which are "properly awardable" under the relevant substantive statute may be encompassed by Rule 68. *Boisson* at 382.

Indeed, the majority of courts have flatly rejected *Jordan* for failing to adhere to the Supreme Court's holding in *Marek*. *See, e.g.*, *Harbor Motor Co.*, 265 F.3d at 646 ("The court in *Jordan* . . . did not confront squarely the requirement in section 505 of the Copyright Act that a party seeking attorney's fees must be a prevailing party"); *Le v. University of Pennsylvania*, 2001 WL 849707 at *6 ("What the Eleventh Circuit neglected to discuss was the Copyright Act's allowance of an award of attorneys' fees as costs to a 'prevailing party.' 17 U.S.C. § 505"); *UMG Recordings, Inc.*, 667 F.3d 1022, fn. 23 ("In *Champion*, 342 F.3d at 1029–31, we reaffirmed *Trident's* application of *Marek* and explicitly rejected the Eleventh Circuit's approach in *Jordan"*); *Bruce*, 203 F.R.D. at 56; *Brandt v. Magnificent Quality Florals Corp*., No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) (collecting cases); *see also Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) (recognizing that *Jordan* has been subject to criticism in other circuits).

In *Bruce v. Weekly World News,* the district court of Massachusetts explained why the Eleventh Circuit's approach in *Jordan* was contrary to public policy:

> [A]s a policy matter, the *Jordan* result is, I believe, unwise, as it would virtually compel copyright plaintiffs, who typically, as here, enter the fray with far fewer resources at their disposal than the media conglomerates against whom they are arrayed, to accept an Offer of Judgment no matter how meritorious may be their case, for fear of resulting exposure to what are often, as here, substantial claims of attorney's fees.

*Bruce*, 203 F.R.D. at 56.

In sum, the Court in this matter should follow the U.S. Supreme Court's holding in *Marek,* the Seventh Circuit in *Harbor Motor*, Ninth Circuit in *UMG Recordings* and Judge Wexler's E.D.N.Y. decision in *Boisson*, and determine as a matter of law that Rule 68 "costs" do not include a non-prevailing defendant's post-offer attorneys' fees.

### 3.  The Supreme Court's Ruling in *Fogerty v. Fantasy* Also Forecloses a Copyright Infringer's Ability to Shift Fees Under Rule 68

Pursuant to the High Court's ruling in *Fogerty v. Fantasy*, fee-shifting is only permitted where the claims are deemed objectively unreasonable or improperly motivated.  *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994).  Indeed, of the *Fogerty* factors, "objective reasonableness" is accorded "substantial weight." *Bauer v. Yellen,* 548 F.Supp.2d 88, 96 (S.D.N.Y.2008), *quoting Matthew Bender & Co., Inc. v. West Publ'g Co.,* 240 F.3d 116, 122 (2d Cir.2001) (finding that "[t]his emphasis on objective reasonableness is firmly rooted in *Fogerty*'s admonition that any factor a court considers in deciding whether to award attorneys' fees must be faithful to the purposes of the Copyright Act").

Clearly, if Plaintiff establishes that Defendant infringed his copyright, then his claim is objectively reasonable as a matter of law.  Rule 68, a mere procedural rule, cannot override the substantive provisions of the statute or clear-cut mandates of the Supreme Court by awarding adjudged copyright infringers their attorneys' fees

**4. As a Matter of Public Policy, Adjudged Copyright Infringers Should be Not be Awarded Attorneys' Fees After Being Found in Violation of Federal Law**

A ruling which forecloses adjudged copyright infringers from shifting fees under Rule 68 is also in accord with the very purpose of the Copyright Act. After all, not unlike Civil Rights cases, copyright infringement actions brought by individual copyright holders do more than provide economic compensation to victims. They secure intellectual property rights from widespread invasion by corporations, maintain order in society, and promote the Progress of the Sciences and the useful Arts. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); *see also Walt Disney Co. v. Best*, No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements."); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) ("The protection of copyrights is a vindication of the public interest, and the statutory penalty for copyright infringement is intended not just to compensate the copyright owner, but to deter Kayne and others like them from committing copyright infringement.").[5]

---

[5] "A statutory damages award under the Copyright Act is by definition an authorized civil penalty." *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014). "[A]n award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998); *see also Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); 2 William F. Patry, Copyright Law & Practice at 1172 ("The purpose of statutory damages is not only the restitution of the defendant's ill-gotten profits, but also to discourage wrongful conduct by imposing a high enough penalty so that defendants will realize that it is less expensive to comply with the law than to violate it.").

Allowing a copyright infringer to shift its attorneys' fees to a prevailing copyright holder simply because the monetary value of a final judgment is less than the monetary value of a Rule 68 offer of judgment improperly reduces the Copyright Act into a piece of economic legislation. Conversely, it ignores the very purpose which underlies the enforcement of the Act, which is to vindicate the public interest by ensuring that copyright infringers are brought to justice, i.e. to final judgment.

## B. A COURT-ISSUED JUDGMENT OF INFRINGEMENT LIABILITY IS *MORE FAVORABLE* THAN AN OFFER OF JUDGMENT WHICH CONTAINS NO ADMISSION OF LIABILITY

Rule 68(d) of the Federal Rules of Civil Procedure provides: "If the judgment that the offeree finally obtains is <u>not more favorable</u> than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d) (underline added). Rule 68 does not say anything about the monetary amount obtained. As such, there are other issues at play which could render a final judgment more favorable, such as a judicial finding of liability for copyright infringement. *See, e.g., Lish v. Harper's Magazine Foundation*, 148 F.R.D. 516 (1993) ("the judicial determination of copyright violation confers a benefit on a plaintiff which he would not have obtained merely by the entry of judgment in his favor: that is, to use the precedent established by a court finding in future instances.").

Here, Defendant's offer of judgment was made without any admission of liability. Thus, even if Plaintiff fails to obtain a monetary amount at trial greater than what was set forth in Defendant's offer of judgment, an ultimate finding of infringement liability by the Court will make the final judgment more favorable regardless of the sum of money at stake. This is particularly true in a statutory damages case where the object of the litigation is to vindicate the public interest.

**C.  CONTRARY TO DEFENDANT'S ASSERTION, THE COURT IS NOT REQUIRED TO EMPLOY A FIXED FORMULA BASED ON LICENSING FEES TO CALCULATE STATUTORY DAMAGES**

Defendant's argument that the Court should base a statutory damages award on a fixed "one-size-fits-all" formula that subjects plaintiff's estimated licensing revenue to a multiple of three-five times should be rejected. *See UMG Recordings, Inc. v. MP3.com*, 2000 WL 1262568, at *5 (S.D.N.Y. Sept. 6, 2000) ("any attempt to reduce this determination [of the amount of statutory damages] to some kind of mathematical formula or equation is spurious.")  While some recent courts in this District have adopted this highly misguided practice, it should be abandoned outright because it is inconsistent with the purpose of statutory damages.

Indeed, under Second Circuit law, a statutory damages plaintiff has no obligation to show actual damages or losses. *See Psihoyos v. John Wiley & Sons, Inc.*, No. 11 CIV. 1416 JPO, 2012 WL 5506121, at *4 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120, 127 (2d Cir. 2014). In *Psihoyos*, the Second Circuit affirmed awards of $100,000 and $30,0000, respectively, for two separate photographs based on a jury's finding of willful infringement, finding that "[a]lthough revenue lost is one factor to consider, we have not held that there must be a direct correlation between statutory damages and actual damages. To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context." *Psihoyos*, 748 F.3d at 127 (emphasis added); *see also Agence France Presse v. Morel*, No. 10-CV-2730-AJN, 2014 WL 3963124, at *12 (S.D.N.Y. Aug. 13, 2014) ("it is not true that there must be 'some correlation' between actual and statutory damages"); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113 (2d Cir.2001) (upholding jury's statutory damages award that defendant argued bore "little relationship" to actual damages).

In *Psihoyos*, 748 F.3d at 127, the Second Circuit affirmed awards of $100,000 and $30,0000, respectively, for two separate photographs based on a jury's finding of willful

infringement. The appellant, Wiley, argued that the district court failed to consider whether the statutory damages award was reasonably related to the proven amount of plaintiff's actual loss. The Second Circuit rejected the argument, finding that "[a]lthough revenue lost is one factor to consider, we have not held that there must be a direct correlation between statutory damages and actual damages. To suggest otherwise is to ignore the various other factors a court may consider and the purposes of statutory damages in the willful infringement context." *Psihoyos*, 748 F.3d at 127 (underlined added). The Second Circuit noted that the statutory damages awards of $100,000 for one photograph and $30,000 for another should not be disturbed because "the jury may have viewed Wiley as a repeat infringer in need of deterrence." *Id*.

In sum, to the extent Defendant asks the Court to impose a security bond on Plaintiff on grounds that his recovery under 17 U.S.C. § 504(c) is limited to five times his actual licensing fee, such argument should be rejected.

## POINT IV:   DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF'S CLAIM IS OBJECTIVELY UNREASONABLE

The basis of Defendant's bond motion is fee-shifting under section 505 of the Copyright Act. Defendant seeks an unspecified amount to cover its attorneys' fees in the event that the Court shifts fees under Rule 68.

However, as explained in *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08-cv-01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010), Plaintiff must also bear the heavy burden of showing that it is likely to be awarded its attorneys' fees and costs under 17 U.S.C. § 505, which are "not automatically awarded to every victorious defendant but rather are within the court's discretion to grant." *Id.* In deciding whether such an award is warranted, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were

objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Productions, Inc.,* 603 F.3d 135, 144 (2d Cir.2010).

Here, Defendant has made no showing whatsoever that Plaintiff's infringement claim is objectively unreasonable, i.e., patently contrary to existing law or unsupported in fact. Indeed, Defendant's motion for a bond makes no attempt to analyze the merits of Plaintiff's claims or the Defendant's defenses. For example, Defendant does not challenge the two elements of Plaintiff's copyright infringement claim (validity of ownership and actual copying) and does not discuss the merits of its defenses (if any).

Defendant has also failed to show that Plaintiff's lawsuit is improperly motivated. Nor has Defendant explained how fee-shifting would further the purposes of the Copyright Act. Finally, Defendant doesn't deserve to be compensated for its fees. The Copyright Act places the public on notice that it is a violation of federal law to steal photographs and remove photographer's attribution. By failing to secure a valid license before publishing the Photograph, and by removing Plaintiff's attribution, Defendant assumed the risk of litigation and all costs associated therewith.

## POINT V: DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF HAS WILLFULLY DISOBEYED ANY COURT ORDERS, INCREASED THE COST OF LITIGATION OR OBSTRUCTED DISCOVERY

### A. DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF VIOLATED ANY COURT ORDER IN THIS ACTION

Defendant has failed to show that Plaintiff has violated any Court orders in this case (or in any other cases he has filed in this District over the last three years). *See RLS Assocs.*, 2005 WL 578917, at *1 (denying bond motion where "there is no history of noncompliance with prior orders"). That's because Plaintiff has never violated any Court orders. Nor has Plaintiff ever

been sanctioned or had to pay a defendant's costs or attorneys' fees. Plaintiff has never had to post a bond. Having failed to show that Plaintiff violated any court orders, the bond motion should be denied.

**B.    DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF HAS MULTIPLIED THE COST OF THIS PROCEEDING**

Defendant has also failed to show that Plaintiff has engaged in any conduct that multiplied the cost of these proceedings. For example, there is no evidence that Plaintiff has obstructed the progress of this lawsuit. To the contrary, it is Defendant who has unnecessarily increased the cost of this litigation by way of ancillary motion practice in order to avoid litigating the merits. Further, there is no evidence whatsoever that Plaintiff has acted vexatiously or flaunted the Court's rules.

**C.    DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT SANDS OBSTRUCTED DISCOVERY**

Defendant has also failed to show that Plaintiff obstructed discovery. Indeed, during the discovery period, Defendants has not complained of any discovery deficiencies in Plaintiff's production or responses. Defendant never once asked Plaintiff or his counsel to participate in a telephonic or in-person meet-and-confer to address concerns with Plaintiff's discovery obligations. And most importantly, Defendant never once sought judicial intervention to settle a discovery dispute as prescribed by the Court's Individual Rules of Practice.

**D.    DEFENDANT'S *AD HOMINEM* ATTACKS AGAINST LIEBOWITZ LAW FIRM, PLLC ARE MISPLACED GIVEN LIEBOWITZ'S TRACK RECORD OF SUCCESS *ON THE MERITS***

Copyright infringers such as Defendant relish the opportunity to take the offensive against those, such as Liebowitz Law Firm, PLLC ("Liebowitz") who conduct the important work of enforcing this nation's copyright laws. Liebowitz specializes in enforcing the copyrighted works of photographers and, in the last three years, has filed over a thousand

copyright infringement cases in the Southern District and the Eastern District of New York on behalf of photographers. The Firm represents over 600 copyright holders, thousands of copyright registrations, and tens of thousands of copyrighted works.

The number of lawsuits filed by Liebowitz primarily shows that: (a) violation of the Copyright Act via unauthorized use of photographic materials is an epidemic; (b) the Firm is vindicating the public interest by ensuring that a proper licensing market exists for the work of photographers; and (c) individual photographers retain the Firm to file lawsuits because there is no other means for them to enforce their rights, particularly given the Congressional failure to establish a Copyright Court to help streamline these types of claims.

Liebowitz's efforts have largely been met with success in terms of judgments <u>on the merits</u>. For example, Liebowitz has obtained judgments of liability for copyright infringement in *Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (summary judgment); *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (bench trial); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412 (S.D.N.Y. 2018) (summary judgment); *Chicoineau v. Bonnier Corp.,* No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (summary judgment); and *Goodman v. Universal Beauty Prod. Inc.,* No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018) (summary judgment).

Liebowitz has also helped develop key judicial precedent in U.S. copyright law through defeating motions to dismiss on Rule 12(b)(6). *See, e.g., Myeress v. BuzzFeed Inc.*, No. 18-CV-2365 (VSB), 2019 WL 1004184, at *1 (S.D.N.Y. Mar. 1, 2019) (denying motion to dismiss based on Safe Harbor defense under DMCA); *Hirsch v. Complex Media, Inc.,* No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018) (denying motion to dismiss based on

defenses of fair use and *de minimis* copying); *Hirsch v. CBS Broad. Inc.,* No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *1 (S.D.N.Y. Aug. 4, 2017) (denying motion to dismiss infringement claim and DMCA claim under section 1202(b) on grounds of *de minimis* copying and fair use); *Gattoni v. Tibi, LLC*, 254 F. Supp. 3d 659 (S.D.N.Y. 2017) (denying motion to dismiss DMCA claim for removal of copyright management information); *see also Ferdman v. CBS Interactive Inc.,* 342 F. Supp. 3d 515 (S.D.N.Y. 2018) (dismissing fair use defense on summary judgment with respect to seven photographs).

**POINT VI:   ANY BOND REQUIREMENT SHOULD NOT EXCEED THE COST OF TWO DEPOSITION TRANSCRIPTS, OR $1,500.00**

For the foregoing reasons, the Court should deny Defendant's motion for a bond in its entirety.  However, if the Court finds that a bond is appropriate after analyzing the requisite factors, then the bond amount should not exceed the *actual hard costs* that Defendant could reasonably expect to recover on Rule 68, which is no more than the out-of-pocket costs incurred for obtaining two deposition transcripts, or approximately $1500.00.

## CONCLUSION

Based on the foregoing, the Court should DENY Defendant's motion for a bond under L.R. 54.2 in its entirety or, in the alternative, set the bond amount at $1,500.00.

Dated: October 1, 2019

Respectfully submitted,

**s/richardliebowitz/**

Richard Liebowitz

*Counsel for Plaintiff*