UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/19

---------------------------------------------------------------- X

FELIPE RAMALES,

                                  Plaintiff,

-against-

STITCH & COUTURE, INC.,

                                  Defendant.

**ORDER GRANTING MOTION FOR IMPOSITION OF PRE-TRIAL BOND**

19-cv-5617 (AKH)

---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       After Defendant posted two photographs of actress Emily Blunt, of *Edge of Tomorrow* fame, to Defendant's Twitter account, Plaintiff commenced the instant copyright infringement action, alleging that he took said photographs and holds valid copyrights thereover. *See* ECF 1. Shortly after Plaintiff's complaint was filed, Defendants removed the pictures from their Twitter page. Now before the Court is a motion by Defendant—following rejection of its Federal Rule of Civil Procedure 68 offers—seeking an order pursuant to Local Rule 54.2, requiring Plaintiff to post a pre-trial bond of $100,000 as security for Defendant's costs and fees. For the reasons that follow, Defendant's motion is granted.

### Discussion

Local Rule 54.2 provides in relevant part as follows:

> The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

"[S]ecurity for costs may include attorneys' fees to which a party is potentially entitled by statute," *Selletti v. Carey*, 96-cv-0016, 173 F.R.D. 96 (S.D.N.Y. May 21, 1997), such as is the

1

case under 17 U.S.C. § 505, which permits the recovery of "reasonable attorney's fees to the prevailing party" in a copyright action. In determining whether to require a bond under Rule 54.2, courts in this Circuit consider what are sometimes termed the "*Cruz* factors":

> The financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of discovery; the legal costs expected to be incurred; and compliance with past court orders.

*Mango v. Democracy Now! Productions, Inc.*, 18-cv-10588, 2019 WL3325842, at *2 (S.D.N.Y. July 24, 2019) (quoting, *in toto*, *Cruz v. American Broadcasting Companies, Inc.*, 17-cv-8794, 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017)).

Federal Rule of Civil Procedure 68, also relevant for purposes of the present motion, outlines another cost-shifting mechanism, which allows a party to serve on its opponent an offer to allow judgment on specific terms and provides that "[i]f the judgment that the offeree finally obtains is not more favorable than [an] unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(a), (d). After analyzing the interplay of Rule 68 and 17 U.S.C. § 505, Judge Cote recently concluded that "[a] copyright defendant is entitled to seek an award of costs, including attorney's fees, following a Rule 68 offer where plaintiff's recovery fails to exceed the offer," *Mango*, 2019 WL 3325842, at *4.

Here, I find the *Cruz* factors—in particular, the merits of the claims (and possible recovery), the expected legal costs, and the troubling history of Plaintiff's counsel failing to comply with court orders (along with other inappropriate conduct)—wholly supportive of granting Defendant's motion. As to the merits and costs, Defendant's most recent Rule 68 offer exceeds any reasonable estimation of Plaintiff's actual and/or statutory damages, and is, conversely, easily eclipsed by reported average costs of litigating copyright infringement claims. ECF 9, at 9-10. Moreover, Plaintiff's nonresponsiveness (albeit, through counsel) to Plaintiff's

2

Rule 68 offers, and filing of this case without notice or making of a settlement demand (ECF 9-1, ¶¶ 3, 6-7, 10-14), surely do not bode well for an inexpensive resolution to this case.

And as to noncompliance, Plaintiff's counsel, Mr. Richard Liebowitz, has amassed a concerning (and robust) record in this district of improper litigation behavior in cases strikingly similar to this one. *See, e.g.*, *Reynolds v. Hearst Communications*, 17-cv-6720, 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (noting, *inter alia*, that "Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court"; that "[a] number of Mr. Liebowitz's cases have been dismissed from the bench as frivolous"; and that "[m]ultiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action"); *id.* (collecting cases in which Mr. Liebowitz voluntarily dismissed to avoid paying defendant fees); *McDermott v. Monday Monday, LLC*, 17-cv-9230, 2018 WL 1033240, at *3 (S.D.N.Y. Feb. 22, 2018) ("Richard Liebowitz ... is a known copyright 'troll,' filing over 500 cases in this district alone in the past twenty-four months."); *Pereira v. 3072541 Canada Inc.*, 17-cv-6945, 2018 WL 5999636, at *3 (Nov. 15, 2018) ("The Court finds particularly concerning Mr. Liebowitz's repeated failures to follow the orders and rules of this Court and others within the district, as well as his propensity to take unreasonable positions and to omit crucial facts—or even to make outright representations—in an apparent attempt to increase costs.").

Plaintiff's arguments opposing imposition of bond flow principally from the premise that each of the *Cruz* factors must be proven. *See, e.g.*, ECF 10, at 3 ("The first factor ... requires the movant to demonstrate that Plaintiff lacks the financial capacity to satisfy an ultimate judgment."). But this premise is flawed because it ignores that Rule 54.2 calls for "an individual determination ... on the facts of each case," *Seletti*, 173 F.R.D. at 100, *i.e.*, absence of one *Cruz* factor does not preclude imposing a bond. Plaintiff falls back on the broad contention

3

that a smattering of out-of-district and out-of-Circuit precedent "preclude the shifting of attorneys' fees to a non-prevailing defendant in a copyright case," and that, as a result, bond cannot be imposed here. ECF 10, at 8. However, tellingly, Plaintiff's brief lacks any discussion whatever of *Mango*—cited prominently in Defendant's moving brief here (ECF 9, at 1, 8, 11)—wherein Judge Cote recently rejected the same arguments, based on the same cases, and made by the same counsel. *See Mango*, 2019 WL 3325842, at *4. I find *Mango*'s reasoning persuasive and, accordingly, reject Plaintiff's opposition to the imposition of bond.

## Conclusion

For the foregoing reasons, Defendant's motion for imposition of a bond is granted. The Plaintiff shall file a bond with the clerk of Court in the amount of $100,000 within 14 days of the issuance of this order. The Clerk is directed to close the motion (ECF 9).

SO ORDERED.

Dated: October 2, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge